UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DARREN ROY MACK, ) | | |
|       Petitioner, ) | 3:12-cv-00104-RCJ-VPC | |
| vs. ) | | |
| E.K. MCDANIEL et al., ) | ORDER | |
|       Respondents. ) | | |

This is a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Petitioner Darren Mack, a prisoner in custody of the State of Nevada pursuant to conviction by a state court. Before the Court is a Motion to Reconsider and Stay (ECF No. 13). For the reasons given herein, the Court denies the motion.

## I.    PROCEDURAL HISTORY

Petitioner filed the present Petition via Attorney Richard F. Cornell, (*see* Pet., Feb. 22, 2012, ECF No. 1), as well as a motion to stay pending exhaustion of Ground III in state court, (*see* Mot. Stay, Feb. 22, 2012, ECF No. 3). The Court directed the Clerk to serve the Petition and motion to stay upon Respondents and gave Respondents forty-five days to respond to the Motion to Stay. (*See* Order, May 11, 2012, ECF No. 5). Respondents moved to disqualify Attorney Cornell. (*See*

Mot. Disqualify, June 25, 2012, ECF No. 7).[1] Petitioner failed to timely oppose the motion to disqualify. The Court ordered Petitioner to show cause why the motion to disqualify should not be granted. (*See* Order, Aug. 3, 2012, ECF No. 11). Petitioner failed to respond, and the Court granted the motion to disqualify. (*See* Order, Sept. 6, 2012, ECF No. 12). Because the Court disqualified counsel, the motion to stay filed by disqualified counsel was denied without prejudice. (*See id.*). Finally, the Court directed Petitioner to file a notice within thirty days advising the Court whether he would proceed *in pro se* or with other counsel. Petitioner, though disqualified counsel, filed a motion to set aside the September 6, 2012 order, an opposition to the motion to disqualify, and a renewed motion to stay. (ECF No. 13).

II.     DISCUSSION

    A.     Motion to Set Aside Order of September 6, 2012

Petitioner has filed a motion to set aside the Court's September 6, 2012 order for excusable neglect under Rule 60(b)(1). "Excusable neglect" under Rule 60(b)(1) applies to "situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000). Determining whether neglect is "excusable" requires an equitable weighing of four non-exhaustive factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman*, 231 F.3d at 1224–25 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395); *Briones*, 116 F.3d at 381. The question of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

---

[1] Attorney Cornell asserted ineffective assistance of trial counsel claims in Grounds I and III of the Petition despite the fact that he had co-represented Petitioner during trial.

2

Here, Cornell's assistant attests that when Respondents' motion to disqualify and motion for an extension of time were filed on the same date, she printed and clipped the two motions together and gave them to Attorney Cornell. (Tom-Kadlic Decl. ¶ 4, Sept. 12, 2012, ECF No. 13, at 17). The Court finds that this is not excusable neglect. Although Attorney Cornell attests to not having seen the motion to disqualify because it was stapled or paper-clipped to the bottom of the motion for extension of time, and also attests to not having seen the order to show cause at all (for an unspecified reason), these explanations are not acceptable. (*See* Cornell Decl. ¶¶ 3–4, Sept. 7, 2012, ECF No. 13, at 12). The CM/ECF system indicates that both pleadings were emailed to Attorney Cornell's registered email address. An attorney has a duty to review communications from the Court. Although an attorney may delegate review to an assistant, that does not relieve the attorney of primary responsibility for reviewing communications from a court or other parties. It is too easy, and not excusable, to blame a subordinate. Attorney Cornell should have noticed the communications from the Court himself. Even if the Court could excuse this error, Attorney Cornell does not explain why he did not read the pleading that he admits his assistant handed to him, other than to note that he typically doesn't read motions for extensions of time. The argument appears to be that Attorney Cornell's neglect to read the order to show cause should be excused because it was a result of his routine neglect in not reading certain other kinds of motions. That will not do. Had Attorney Cornell read—or even flipped through the pages of—the motion for extension of time, he would by his own admission have seen the motion to disqualify that was stapled or paper-clipped thereto. At an absolute minimum, Attorney Cornell's assistant's error—if it can be called error—in stapling or paper-clipping two motions together, would have resulted in no harm had Attorney Cornell simply taken the time to read what his assistant had handed to him. Finally, Attorney Cornell provides no explanation at all for failing to respond to the order to show cause other than to state that he never saw it, although the Clerk emailed it to his registered email address. The Court does not believe Attorney Cornell is acting in good faith in this matter, as his explanations are not credible.

The risk of prejudice to the State of Nevada is extreme in this case. If the disqualification order were set aside, an attorney who participated in Petitioner's trial defense, even if only as a "ghost writer," and even if Petitioner has agreed to waive any conflict, would now be allowed to argue the ineffectiveness of trial counsel. And there is another critical factor to consider in the present context: the damage to the criminal justice system itself that could result from reconsideration of the disqualification order. It is an open secret in the legal profession that criminal defense attorneys who in reality have great respect for one another's work routinely accuse one another of grossly unprofessional error in habeas corpus pleadings, although they do not typically file bar complaints or malpractice suits as if they are truly outraged. The courts tolerate this ethical tension in the name of criminal defendants' right to pursue effective assistance of counsel claims. But permitting an attorney to argue the ineffectiveness of his own co-counsel's trial work crosses the line and would create a dangerous precedent for reasons similar to those preventing one from arguing one's own ineffectiveness. Permitting counsel to argue co-counsel's ineffectiveness, just as permitting counsel to argue his own ineffectiveness, could encourage trial counsel not to use his or her best efforts at trial in order to preserve post-conviction options. This practice, although it could in some cases ultimately prove advantageous to a defendant, would be a perversion of the justice system and a mockery of the doctrine of ineffective assistance of counsel that the Supreme Court created in order to help encourage more effective trial assistance. Co-counsel's representation of a criminal defendant at trial, no matter how attenuated from the allegations of the ineffectiveness of other trial counsel, puts co-counsel in an intractably compromising position. It is a structural conflict that cannot be cured by a petitioner's consent. For example, even if co-counsel had no primary responsibility for questioning witnesses or trial strategy, he certainly had a duty to Petitioner to identify and make known to the attorney who did have primary responsibility any apparent deficiencies in performance. Even if in some such cases it could be determined that there is a low risk of an actual conflict of interests, the practice of delving into divisions of labor such as which

attorneys had responsibility for what, and which attorneys knew what, and when, during habeas corpus proceedings could also undermine criminal defenses by creating tension between co-counsel at the trial stage. Therefore, even if the Court were to find excusable neglect and reconsider on the merits, the Court has no choice but to disqualify counsel in this case.

### B.  Renewed Motion for Stay

This motion is denied without prejudice, because Attorney Cornell has been disqualified and may not file a substantive motion. No other counsel has signed the motion.

Where the statute of limitations on exhausted habeas corpus claims would run before other claims could be exhausted in state court, a habeas corpus petitioner may file the exhausted and unexhausted claims together (a "mixed" petition) and request a "stay and abeyance" in order to lodge the unexhausted claims in federal court while litigating them in state court, but:

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines v. Weber*, 544 U.S. 269, 277 (2005). A court may stay a mixed petition if: (1) there is good cause for a stay; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in dilatory litigation tactics. *Wooten v. Kirkland*, 540 F.3d 1019, 1023–24 (9th Cir. 2008).

Here, the unexhausted claim in Ground III is likely unmeritorious, and thus, were the Court to consider the motion on the merits, there would likely not be good cause for a stay and abeyance. Ground III is based upon the claim that trial counsel provided ineffective assistance by providing Petitioner with poor estimations of the sentence he would receive if he changed his plea to guilty. However, as the Court has seen in hundreds of both federal and state habeas corpus petitions, such claims of ineffective assistance are usually clearly belied by plea agreements and plea colloquies

wherein defendants voluntarily, knowingly, and intelligently agree to clearly defined sentencing ranges, acknowledge that sentencing is entirely up to the judge within those ranges, and swear that neither their attorneys nor anyone else has made any promises about the sentence they will receive. Although the Court would naturally have to review copies of the plea agreement and sentencing transcript to determine the issue on the merits, and it does not do so at this time, there is no good reason to believe that this routine situation was not also the case here.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider and Stay (ECF No. 13) is DENIED.

IT IS FURTHER ORDERED that the Motion to Extend Time (ECF No. 18) is GRANTED.

IT IS SO ORDERED.

Dated this 17th day of September, 2013.

_____
ROBERT C. JONES
United States District Judge