UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DARREN ROY MACK,         )
                         )
      Petitioner,        )        3:12-cv-00104-RCJ-VPC
                         )
vs.                      )        **ORDER**
                         )
RENEE BAKER, *et al.*,   )
                         )
      Respondents.       )
_____/

In this habeas corpus action under 28 U.S.C. § 2254, petitioner Mack has filed a motion for appointment of counsel (ECF No. 27) and a motion to strike the court's orders of September 18, 2013, and October 16, 2013, and to re-assign the cause to a different judge for further proceedings (ECF No. 28). Respondents have filed a motion for the court to canvass the petitioner regarding assistance from counsel. ECF No. 35. This order disposes of all three motions.

        *A. Petitioner's motions*

Mack seeks disqualification of the district judge presiding over these proceedings, along with an order striking two orders previously issued by this court, asserting that the orders show that the district judge harbors actual bias towards Mack. Mack argues that such bias is demonstrated by erroneous assumptions, credibility findings, and legal conclusions made by the undersigned in refusing to reconsider his decision to disqualify Richard F. Cornell as Mack's counsel. It is further

1  evidenced, according to Mack, by the court's failure to apply the holding in *Rhines v. Weber*, 433
2  U.S. 269 (2005), to his request for a stay.

3      In *Liteky v. U.S.*, 510 U.S. 540 (1994), the majority opinion discusses at length the
4  circumstances under which judicial bias or prejudice requires recusal of a presiding judge. 510 U.S.
5  at 544-56. Among the oft-cited principles discussed in *Liteky* is that bias can "almost never" be
6  demonstrated solely on the basis of a judicial ruling. *Id*. at 555. In essence, where there is no
7  allegation of an extrajudicial source of prejudice, a judge's actions occurring in the course of a
8  judicial proceeding will be grounds for a judicial bias claim only if they "display a deep-seated
9  favoritism or antagonism that would make fair judgment impossible." *Id*.

10     Here, none of the alleged manifestations of bias rise to this level. Much of the court's
11 analysis regarding the disqualification of Cornell was phrased in the hypothetical. In claiming bias,
12 Mack treats such analysis as if the court were making findings about his particular case. For
13 example, Mack accuses the court of finding that Mack's trial counsel did not put forth their best
14 efforts in order to preserve issues for post-conviction review. Rather than make such a finding,
15 however, the court merely noted that "[p]ermitting counsel to argue co-counsel's ineffectiveness, just
16 as permitting counsel to argue his own ineffectiveness, *could* encourage trial counsel not to use his or
17 her best efforts at trial in order to preserve post-conviction options." ECF No. 24, p. 4 (emphasis
18 added).

19     Mack also claims that the undersigned erred because the "gist" of the court's September 18
20 order is that Cornell's representation is burdened by a conflict of interest that cannot be waived.
21 Respondents correctly point out, however, that federal courts may disregard a waiver in order to
22 maintain the integrity of the proceedings before it. *See Wheat v. U.S.*, 486 US. 153, 160 (1988).
23 Moreover, Mack's remedy with respect to his disagreement with this conclusion is to raise it as an
24 issue on appeal, not to seek recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).
25
26

As for the court's failure to apply a *Rhines* analysis to Mack's request for a stay, the court has, to this point, denied the request without prejudice because the attorney filing the request on Mack's behalf (Cornell) is disqualified from representing him in this action. ECF No. 12, p. 2; ECF No. 24, p. 5. The undersigned is, by no means, adverse to considering a properly-filed motion for stay under the *Rhines* rubric.

Because none of the court's rulings in this case can be objectively classified as an exhibition of "deep-seated favoritism or antagonism that would make fair judgment impossible," Mack's motion to strike the orders of September 18, 2013, and October 16, 2013, and to re-assign the cause to a different judge for further proceedings shall be denied.

With regard to Mack's motion for appointment of counsel, there currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel for "financially eligible" prisoners at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Here, the court does not find that the interests of justice necessitate the appointment of counsel at the present time. Accordingly, Mack's motion for appointment of counsel shall be denied.

### B. Respondents' motion

Relying on an advisory ethics opinion issued by a committee of the State Bar of Nevada,[1] respondents move the court to require Mack to disclose whether he has received assistance of counsel while holding himself out as a *pro se* litigant and, if so, require such to counsel to appear herein and affix their signature to any documents they assisted Mack in preparing. In support of their

---

[1] Nev. State Bar Ass'n Standing Comm. on Ethics and Prof'l Responsibility, Ethics Opinions, Revised Formal Opinion No. 34., http://nvbar.org/sites/default/files/opinion_34.pdf.

1  motion, respondents point to the motions discussed in Section A., above, and identify the following
2  two grounds for their suspicion that Mack received assistance from counsel in filing them: (1) Mack
3  does not have access to a computer or typewriter that would allow him to produce the motions in the
4  form he presents them to this court and (2) the certificate of service attached to the motions contains
5  the electronic signature of an attorney that Mack previously identified as someone Mack desired to
6  retain as counsel if the court did not set aside its order disqualifying Cornell.

7        While this court does not, as a general matter, condone the practice of lawyers "ghost-
8  writing" pleadings for a party ostensibly appearing *pro se*, a substantial number of habeas petitions
9  filed in this court are filed in such a manner without complaint or opposition from the State. In most
10 cases, the exigency of filing a timely habeas petition combined with the limited resources available
11 to a typical prisoner outweigh the potential downside to permitting such filings. Also, in a vast
12 majority of those cases, the initial petition and accompanying motions will be the only documents
13 ghost-written by counsel – i.e., usually, either counsel is formally appointed pursuant to petitioner's
14 motion or the petitioner subsequently proceeds in true *pro se* fashion. Moreover, the petitioner often
15 has an opportunity to amend the initial petition, in which case the ghost-written petition is
16 superceded by an amended pleading.

17       The situation here, however, is potentially more troublesome. First, the allegation, if true,
18 means that the ghost-lawyer is likely controlling the ongoing litigation of the case as opposed to
19 merely filing the initial petition. Second, the attorney whom the respondents suspect as the counsel
20 assisting Mack, William J. Routsis, represented Mack in the state court proceedings on Mack's
21 motion to withdraw his guilty plea and as local counsel for two attorneys admitted *pro hac vice* on
22 direct appeal. ECF No. 28, p. 2; ECF No. 36-1. Routsis's participation as Mack's counsel in the

criminal proceedings that are being attacked herein may give rise to a conflict of interest that disqualifies him from representing Mack for the same reasons that Cornell is disqualified.[2]

That being said, this court is not inclined to grant the particular remedy respondents request. Instead the court shall order that Routsis either formally appear herein as Mack's counsel or refrain from any further involvement in this case. Should he choose the former course, the court shall entertain any motion either party may wish to bring as to the ethical propriety of such representation.

**IT IS THEREFORE ORDERED** that petitioner's is motion to strike orders of September 18, 2013, and October 16, 2013, and to re-assign the cause to a different judge for further proceedings (ECF No. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 32) and motion for appointment of counsel (ECF No. 27) are **DENIED**.

**IT IS FURTHER ORDERED** that the respondents' motion to canvass petitioner regarding assistance from counsel (ECF No. 35) is **DENIED**. As noted above, however, counsel Willam J. Routsis shall either formally appear herein as Mack's retained counsel or refrain from any further involvement in this case.

**IT IS FURTHER ORDERED** that respondents shall file, within **forty-five (45) days** of the date of entry of this order, an answer or other response to the habeas petition herein (ECF No. 1). In all other respects, the scheduling of this matter shall be controlled by the order entered on **October 16, 2013 (ECF No. 25)**.

Dated: This 28th day of April, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[2] In addition, the court is informed and believes that Routsis is currently representing Mack in state court post-conviction proceedings, which may be an additional source of ethical conflict given the Supreme Court's holding in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

5