UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DARREN ROY MACK, | ) | |
| | ) | |
| Petitioner, | ) | 3:12-cv-00104-RCJ-VPC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| RENEE BAKER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

In this action under 28 U.S.C. § 2254, respondents have filed a motion to dismiss the petition for writ of habeas filed by Darren Roy Mack, a prisoner in custody at Ely State Prison. ECF No. 42. As the bases for their motion, respondents contend that the petition lacks proper verification and that Mack failed to exhaust state court remedies before seeking habeas relief in federal court. Mack has not filed a response to the motion.

*1. Proper Verification*

An application for a writ of habeas corpus must be "verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter Habeas Corpus Rules) provides:

> **(c) Form**. The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and

> (5) *be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.*

Rule 2(c), Habeas Corpus Rules (emphasis added).  A habeas petitioner's attorney can sign and verify the petition for the petitioner. *Lucky v. Calderon*, 86 F.3d 923, 925 (9th Cir. 1996).  In the absence of evidence to the contrary, there is a presumption that a petitioner has been fully informed of, and has consented to, claims raised in the petition. *Deutscher v. Angelone*, 16 F.3d 981, 984 (9th Cir.1994).

Here, attorney Richard Cornell verified the petition on Mack's behalf.  ECF No. 1, p. 41-42.[1] In addition, Mack signed an authorization indicating that Cornell was permitted execute the verification of the petition on Mack's behalf. *Id*., p. 43.  Even so, respondents argue the verification is not valid because this court disqualified Cornell as counsel due a conflict of interest between Mack and Cornell.  Accordingly, respondents ask the court to give Mack the option of either dismissing the existing petition without prejudice and filing a "properly verified amended petition" or filing a "proper verification" adopting the contents of the existing petition.

This court does not view either option as necessary.  To the extent there is a defect in the verification of Mack's current petition, it is one this court "may, if it sees fit, disregard." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.1990).  Cornell's verification states that he reviewed the petition with Mack over phone and made changes that Mack requested.  In addition, Mack is undoubtedly familiar with the contents of the petition and has not lodged any objection or sought to amend the petition.  Thus, requiring additional verification of the petition at this point would serve no substantive purpose and only further delay the proceedings herein.

   *2. Exhaustion*

Exhaustion of state remedies is a prerequisite to a federal court's consideration of a petition for a writ of habeas corpus.  28 U.S.C. §2254(b).  To exhaust a ground for relief, a petitioner must

---

[1] For citations to the court record, page numbers are based on CM/ECF pagination.

fairly present that ground for relief to the state's highest court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983).

Mack concedes that Ground Three of his petition is unexhausted. ECF No. 1, p. 40. Respondents argue that Ground One is also unexhausted because certain factual allegations supporting the claim were not presented to the Nevada Supreme Court.

In Ground One, Mack alleges that his constitutional rights were violated because his guilty pleas were entered involuntarily, and not knowingly and intelligently, or with a full understanding of the nature and consequences of pleading guilty. He also alleges that he was deprived of his Sixth Amendment right to counsel by virtue of counsel's advice to plead guilty. Respondents argue that the claim is unexhausted "to the extent Mack now alleges (1) that he intended to testify on his own behalf at trial, and (2) that a jury would have 'easily' convicted him on a lesser-included offense had Mack rejected the State's plea offer and allowed the jury to reach a verdict." ECF No. 42, p. 8.

Alleging new facts in support of a claim in federal court will render that claim unexhausted only if the additional facts "fundamentally alter" the nature of ground presented to the state court. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). The allegations cited by the respondents have no such effect here. Thus, Ground One is exhausted. Petitioner must recognize, however, that this court's review of a claim that has been adjudicated on the merits by a state court is restricted to the record that was before the state court, if 28 U.S.C. § 2254(d) is applicable. *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

Because Ground Three is unexhausted, Mack has presented this court with a mixed petition. As such, the petition is subject to dismissal under *Rose v. Lundy*, 455 U.S. 509 (1982). In *Rhines v.*

*Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition when dismissal under *Lundy* may result in claims being barred under the one-year deadline imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Rhines*, 455 U.S. at 275. The Court also held, however, that that discretion is limited by AEDPA's twin purposes: "reduc[ing] delays in the execution of state and federal criminal sentences" and encouraging state "petitioners to seek relief from state courts in the first instance." *Id.* at 276 (internal quotation marks omitted). Thus, the Court concluded that, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.

In its order of April 28, 2014, this court indicated that it was amenable to considering a properly-filed motion for stay under the *Rhines* rubric. ECF No. 39, p. 3. Despite having ample time do so subsequent to that order, Mack has not filed such a motion. Accordingly, the remaining option for Mack is to delete the unexhausted claim and proceed with the exhausted claims. *See Rhines*, 544 U.S. at 278 (citing *Lundy*, 455 U.S. at 520). The court will provide him the opportunity to abandon Ground Three. If he does so, this case will proceed on his remaining exhausted claims. If he does not abandon his unexhausted claim, his entire petition shall be dismissed under *Lundy*.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 42) is GRANTED in part and DENIED in part, as set forth above.

**IT IS FURTHER ORDERED** that petitioner shall have **twenty (20) days** from the date this order is entered within which to file a Notice of Abandonment of Unexhausted Claim, indicating that the Ground Three is to be deleted from his petition for writ of habeas corpus (ECF No. 1).

**IT IS FURTHER ORDERED** that, if petitioner does not abandon his unexhausted claim within the time allowed, the petition shall be dismissed under *Rose v. Lundy*, 455 U.S. 509 (1982).

**IT IS FURTHER ORDERED** that, if petitioner abandons his unexhausted claim within the time allowed, respondents shall have **forty-five (45) days** from the date the Notice of Abandonment is filed within which to file an answer to the remaining claims in the petition. In all other respects, the scheduling of this matter shall be controlled by the order entered on October 16, 2013 (ECF No. 25).

Dated this 20th day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE