1

2

3

4

5

6

7           **UNITED STATES DISTRICT COURT**

8               **DISTRICT OF NEVADA**

9

10

11   DARREN ROY MACK,                )
                                     )
12               Petitioner,         )      3:12-cv-00104-RCJ-VPC
                                     )
13   vs.                             )      **ORDER**
                                     )
14   RENEE BAKER, *et al.*,          )
                                     )
15               Respondents.        )
     _____/

16          Petitioner has filed a motion for extension of time within which to file a notice of appeal.

17   ECF No. 70.  Respondents oppose that motion and have filed a motion to strike with respect to

18   certain documents filed in relation to petitioner's motion for an extension.  ECF Nos. 75 and 77.

19          Generally, an appeal in a civil case must be taken within thirty days after the entry of

20   judgment.  Fed. R. App. 4(a).  Rule 4(a) is the exclusive avenue for relief from the expiration of the

21   period to file a timely notice of appeal.  *See In re Stein*, 197 F.3d 421, 426–27 (9th Cir. 2000).  Rule

22   4(a) is enforced without distinction between counseled and uncounseled cases*.  See Clark v.*

23   *Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000) (rejecting pro se prisoner's motion filed more than 180

24   days after entry of judgment).  Rule 4(a) (5) allows for an extension of time if the party requests it

25   within thirty days of the expiration of the time to file the notice and shows excusable neglect or good

26   cause.  Fed. R. App. P. 4(a) (5).

1    Here, petitioner filed his request within thirty days of the expiration of the time to file his

2    notice of appeal, but has not shown excusable neglect or good cause.

3    The U.S. Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*

4    *Partnership*, 507 U.S. 380 (1993), set forth four factors to be used in analyzing "excusable neglect"

5    in a bankruptcy context.  The Ninth Circuit has "adopted this test for use in interpreting Federal Rule

6    of Appellate Procedure 4(a)(5)(A)."  *Los Altos El Granada Investors v. City of Capitola*, 583 F.3d

7    674, 683 (9th Cir. 2009) (citing *Pincay v. Andrews*, 389 F.3d 853, 855-56 (9th Cir. 2004)).  The

8    factors are the following:  "(1) the danger of prejudice to the nonmoving party, (2) the length of

9    delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether

10    it was within the reasonable control of the movant, and (4) whether the moving party's conduct was

11    in good faith."  *Id*.  The question of whether neglect is excusable "is at bottom an equitable one,

12    taking account of all relevant circumstances surrounding the party's omission."  *Pioneer Inv. Servs.*

13    *Co.*, 507 U.S. at 395.

14    With respect to the first factor, respondents argue that allowing the late notice of appeal

15    undermines their interests comity and finality, both of which were acknowledged by the Supreme

16    Court in *Rhines v. Weber*, 544 U.S. 269(2005).  While not necessarily discounting those interests,

17    this court perceives no disadvantage to the respondents that can be directly attributed to the relatively

18    brief delay.  Likewise, with respect to the second factor, respondents argue that additional delay is

19    "unwarranted," but that does not speak to the length of the delay or its potential impact on judicial

20    proceedings.

21    The third and fourth factors, however, weigh heavily against a finding of excusable neglect.

22    This case was dismissed, pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), due to petitioner's failure

23    to abandon an unexhausted claim from his habeas petition.  ECF No. 67.  The reason petitioner gives

24    for the delay is that, because the final order indicated that the dismissal was "without prejudice," he

25

26

2

1   assumed that he could initiate further proceedings at a later time.  He also points out that, because he

2   was denied appointed counsel, he did not understand how to respond to the final order.

3       The problem for petitioner, of course, is that a future petition under 28 U.S.C. § 2254 will be

4   subject to the one-year statute of limitations under 28 U.S.C. § 2244(d).  As respondents point out,

5   petitioner can hardly claim ignorance of this impediment given that he filed a declaration in

6   September of 2012 in which he stated that "[u]nder no circumstances do I authorize this Court to

7   dismiss this action, due to the statute of limitations of 28 U.S.C. § 2244(d)."  ECF No. 14, p. 2.  In

8   addition, this court's order of October 20, 2014, explicitly explained that "dismissal under *Lundy*

9   may result in claims being barred under the one-year deadline imposed by the Antiterrorism and

10  Effective Death Penalty Act of 1996 (AEDPA)."  ECF No. 61, p. 4.

11      As for petitioner's status as a pro se prisoner, confinement arguably makes compliance with

12  procedural deadlines difficult because of restrictions on the prisoner's ability to monitor the lawsuit's

13  progress.  *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (interpreting Fed. R. App. P. 4 to find

14  that pro se prisoner's notice of appeal is "filed" when delivered to prison officials).  There is no

15  allegation here, however, that the petitioner's receipt of the order and judgment dismissing his case

16  was delayed or that he faced any obstacle that impeded his ability to file a timely notice of appeal.

17  And, as noted above, petitioner's failure to comply with Rule 4 cannot be excused merely because he

18  was without counsel.

19      The court also concludes that petitioner's conduct in filing a late notice of appeal was not in

20  good faith.  An issue at the core of this case is whether the court should stay proceedings under

21  *Rhines*.  Initially, petitioner's request for a stay was denied without prejudice because the attorney

22  filing the request on petitioner's behalf was disqualified from representing him in this action.  ECF

23  No. 12, p. 2; ECF No. 24, p. 5.  In an April 28, 2014, order, however, the court advised the petitioner

24  that it was "[not] adverse to considering a properly-filed motion for stay under the *Rhines* rubric."

25  ECF No. 39, p. 3.

26

3

1    Despite having several months to do so, petitioner did not avail himself of that opportunity.

2   Then, when respondents filed, on July 31, 2014, a motion to dismiss arguing lack of exhaustion

3   (ECF No. 42), petitioner did not bother to respond.  On October 20, 2014, this court entered an order

4   concluding that the petition contained an unexhausted claim.  ECF No. 62.  Noting that petitioner

5   had not sought a stay despite having ample time to do so, the court gave petitioner twenty days to

6   either abandon the unexhausted claim or suffer dismissal of his petition.  *Id*.  In the nearly five

7   months between the issuance of that order and the dismissal of his case, petitioner remained silent,

8   filing not a single document in this case.  In light of this procedural history, any claim that petitioner

9   was acting in good faith in failing to meet the deadline for filing a notice of appeal must be rejected.

10    Due to the third and fourth *Pioneer* factors, the court concludes that petitioner has not shown

11   "excusable neglect."  In addition, petitioner advances no facts or circumstances that would constitute

12   "good cause" under Rule 4(a)(5)(A).  Thus, his motion for an extension of time to file a notice of

13   appeal shall be denied.

14    Respondents' motion to strike is aimed at a "supplement" to petitioner's motion for extension

15   of time (ECF No. 72) and a reply to respondents' opposition to the motion (ECF No. 76), both of

16   which are signed by petitioner's brother.  Attached to the former is a document executed in 2008

17   giving petitioner's brother power of attorney for the petitioner, but neither the supplement nor the

18   reply contain any indicia that petitioner approved, or was even aware, of the filings.

19    Petitioner has not opposed the respondents' motion to strike.  There is no evidence before

20   this court that petitioner's brother may be entitled to third-party standing to act on petitioner's behalf.

21   *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) (setting forth the necessary showing for a party

22   to establish third-party standing).  Thus, the motion to strike shall be granted.

23    **IT IS THEREFORE ORDERED** that petitioner's motion for an extension of time within

24   which to file a notice of appeal (ECF No. 70) is **DENIED**.  The Clerk shall transmit this order to the

25   Clerk for the Ninth Circuit Court of Appeals, referencing USCA case number 15-15949.

26

4

1    **IT IS FURTHER ORDERED** that respondents' motion to strike the documents filed at

2  ECF No. 72 and 76 (ECF No. 77) is **GRANTED**.  The Clerk shall strike the fugitive documents

3  from the record..

4    **IT IS FURTHER ORDERED** that respondents' motions to extend time (ECF Nos. 73 and

5  74) are **GRANTED** *nunc pro tunc* as of their respective filing dates.

6    DATED: This 9th day of November, 2015.

7

8    _____

9    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5